UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**REGO THOMAS CRUSE**                                                                                          **PLAINTIFF**

**v.**                                                                           **CIVIL ACTION NO. 4:16-CV-P139-JHM**

**ASHLEY HAMILTON** *et al.*                                                                              **DEFENDANTS**

### MEMORANDUM OPINION

      This is a civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Rego Thomas Cruse leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF COMPLAINT

      Plaintiff brings this action against the Henderson County Detention Center (HCDC), Commonwealth's Attorney William I. Markwell, Public Defender Ashley Hamilton, and inmate Stephan Vargeson. As relief, Plaintiff seeks compensatory damages, punitive damages, and injunctive relief to "set aside sentence currently being served."

### II. LEGAL STANDARD

      Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Henderson County Detention Center

Plaintiff first alleges that, in October 2015, the HCDC failed to protect him from injury by housing Plaintiff, a state inmate, in a cell with federal inmates. Plaintiff states that he was assaulted and attacked by two federal inmates and one state inmate because they believed that Plaintiff was a confidential informant. Plaintiff seems to indicate that these three inmates were prosecuted for their attack on Plaintiff and that two pled guilty prior to trial and one was found not guilty at trial.

The Court first notes that HCDC is not an entity subject to suit under § 1983. *Matthews v. Jones,* F.3d 1046, 1049 (6th Cir. 1994). Rather, the claims against the detention center are against Henderson County as the real party in interest. *Id*. ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of [plaintiff]'s complaint."). See also *Blay v. Daviess Cty. Det. Ctr.*, 4:07CV-P69-M, 2007 U.S. Dist. LEXIS 71131, at *3 (W.D. Ky. Sept. 25, 2007); *Fambrough v. Vaught*, 4:06CV-P130-M, 2007 U.S. Dist. LEXIS 20679, at *3-4 (W.D. Ky. Mar. 21, 2007)("[T]he claims against the detention center are also against [the County] as the real party in interest.") *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990)(suit against fiscal court is actually suit against county itself).

When a § 1983 claim is made against a municipality, such as Henderson County, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.

*Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Here, Plaintiff has not claimed that any injury was the result of an official custom or policy of Henderson County. In addition, even if the Court construed Plaintiff's complaint as claiming that his injury was the result of an HCDC custom or policy of housing state inmates with federal inmates, his claim would still fail because he has not alleged any facts showing this custom or policy was the cause of the attack on Plaintiff. *See, e.g.*, *Mazariegos v. Monmouth Cty. Corr. Inst.*, No. 12-5626 (FLW), 2014 U.S. Dist. LEXIS 39741, at *26 (D.N.J. Mar. 25, 2015) (dismissing failure-to-protect claim against policymaker because the plaintiff had not asserted any facts showing that the custom or policy of "of housing federal pretrial detainees with 'county and state inmates'" caused the attack upon the plaintiff). As such, the Court will dismiss the claims against Henderson County for failure to state a claim upon which relief may be granted.

**B. Defendant William I. Markwell**

In his complaint, Plaintiff also alleges that the Commonwealth's Attorney, William I. Markwell, compelled him to testify on behalf of the Commonwealth and "assured [him] that no reprisal or discriminatory action would be taken against [Plaintiff] in any further court proceedings. And that [Plaintiff would] also be shown favorable consideration and was not. As a matter of fact, [Plaintiff has] been treated more harshly than other felons with the same offenses."

Plaintiff's official-capacity claims against Defendant Markwell fail because claims brought against a state official, such as a Commonwealth's Attorney, are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, Plaintiff must allege that a "person" acting under color of state law deprived him of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from a state officer in his official capacity, he fails to allege cognizable claims under § 1983. Moreover, state defendants are immune from monetary damages under the Eleventh Amendment. *Id.*

Plaintiff's individual-capacity claims against Defendant Markwell also fail to state a claim upon which relief may be granted. This is because Plaintiff's allegations against Defendant Markwell are based upon Defendant Markwell's conduct in his role as an advocate for the Commonwealth. Prosecutorial defendants acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004). S*ee also Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989)(holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury); *Lee v. Willins*, 617 F.2d 320 (2d Cir. 1980) (prosecutorial immunity protected prosecutor against civil liability for falsification of evidence and coercion of plea bargain); *Milliman v. Driver License Compact Comm'r*, No. 16-1209 (JRT/HB), 2016 U.S. Dist. LEXIS 126783, at *11-12 (D. Minn. Sept. 16,

2016) (adopting magistrate's recommendation that claim against prosecutor be dismissed based upon prosecutorial immunity because allegations that the prosecutor did not honor and carry out an alleged plea agreement did not show that the prosecutor acted outside his role as an advocate).

### C. Defendant Ashley Hamilton

Plaintiff also sues Ashley Hamilton, whom he states is a "public advocate" for "Henderson County Public Advocacy." Plaintiff alleges that Defendant Hamilton, "while defending her client . . . defamed Plaintiff's character by making an allegation to the jury that Plaintiff was convicted of selling drugs." Plaintiff states that he was never charged with such a crime and that Defendant Hamilton's statement "tainted the jury . . . further assuring a 'not guilty' verdict for her client Stephan Vargeson."

Plaintiff fails to state a § 1983 claim against Defendant Hamilton because his allegations are based upon her role of representing a defendant in a criminal proceeding. Although the Department of Public Advocacy is an independent agency of state government, *see* Ky. Rev. Stat. Ann. § 31.010, it is firmly established that a defense attorney, regardless of whether he is a public defender, is not a state actor for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Although an exception exists if the defense attorney has engaged in a conspiracy with state officials to deprive another of federal rights, *Tower v. Glover*, 467 U.S. 914, 920-23 (1984), Plaintiff makes no such allegation.

### D. Defendant Stephen Vargeson

Plaintiff also sues Stephen Vargeson, whom Plaintiff alleges is an inmate at HCDC. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. at 48; *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street,* 102 F.3d at 814. Indeed, there must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Plaintiff makes no actual allegations against Defendant Vargeson in his complaint. In fact, the only reference to him in the complaint is Plaintiff's assertion that Defendant Hamilton's statement "tainted the jury . . . further assuring a 'not guilty' verdict for her client Stephan Vargeson." Thus, because Plaintiff has not set forth any allegations suggesting that Defendant Vargeson action's could be attributed to the state, he fails to state a § 1983 claim against Defendant Vargeson upon which relief may be granted.

### E. Injunctive Relief

Finally, the Court notes that, as injunctive relief, Plaintiff requests the Court set aside the sentence that he is currently serving. This type of claim, however, cannot be pursued under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a

7

determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). As such, Plaintiff's claim for injunctive relief also fails to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the instant action by separate Order.

Date: February 3, 2017

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　Defendants
　　Counsel of Record
4414.011